**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 28 2010**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-34414 |
| | ) | |
| Lora McIntyre, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Mary Ann Whipple |
| | ) | |
| | ) | |
| | ) | |

### ORDER

The court held a hearing on December 21, 2010, on a Motion to Refund Filing Fee filed by Debtor. [Doc. # 23].

The motion requests that the court authorize and direct refund of the $260 filing fee that was charged and paid as required upon the inadvertent filing by Debtor's counsel on November 30, 2010, of a second motion to reopen in an effort to correct a filing deficiency noted by the Clerk as to the first motion to reopen that was filed on November 29, 2010.

Under 28 U.S.C. § 1930(f)(3), bankruptcy courts are permitted to "waive" fees required under the statute on grounds not otherwise specified therein by Congress "in accordance with Judicial Conference policy." Judicial Conference policy limits fee refunds as follows:

> The Judicial Conference prohibits refunding the fees due upon filing. The Conference prohibits the clerk from refunding these fees even if the party filed the case in error, and even if the court dismisses the case or proceeding. Nevertheless, the clerk must refund any fee collected without authority. For example, the clerk has no authority to collect a fee to

reopen a case unless the case is closed. Consequently, the clerk must refund a fee to reopen if the parties discover later that the case was open.

Bankruptcy Fee Compendium III (August 2007), ¶ A.9, p11. Recognizing that the electronic filing environment in which all bankruptcy courts now operate raises different administrative issues as to the no refund policy than the traditional manual filing environment, the Judicial Conference has also authorized courts to develop local procedures as follows:

> **Develop Local Procedures**. Although the Judicial Conference still prohibits refunds generally, judges, in conjunction with their clerks, may develop procedures addressing CM/ECF refunds.

*Id.*, ¶ A.9.A.(1), p. 12. In this district, the court has adopted General Order 05-2 addressing filing fee refund procedures, as follows:

> Upon review of the Judicial Conference policy, neither the Clerk of the Bankruptcy Court nor the Bankruptcy Judge(s) has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office....IT IS ORDERED that refunds will not be permitted on fees due upon filing, even if the party files the document in error and even if the court dismisses the case or pleading."

Under the statute, Judicial Conference Policy and local procedure, the standard for court authorization to allow the refund of a filing fee is twofold: the fee was collected without authority or the fee was collected due to administrative error on the part of the clerk's office.

In this case, the filing fee for the second document captioned "Motion to Reopen Bankruptcy" was not collected without authority, as Debtor's counsel incorrectly filed the corrective document as a second, separate motion and thus incurred the second filing fee when the second motion was filed. Nor was the payment of the fee for filing either of the two motions to reopen due to administrative error on the part of the Clerk. Rather, the Clerk's office provided clear instruction to counsel as to how to avoid paying the filing fee twice.

Since the court finds that the filings in this case that resulted in paying the $260 filing fee twice did not result from either its unauthorized collection or court system problems or administrative error by the Clerk's office, the court lacks authority to permit the requested $260 refund. Counsel assured the court at the hearing that the second, duplicate fee would not be collected or attempted to be collected from Debtor.

**THEREFORE,** based on the foregoing reasons and authorities,

**IT IS ORDERED** that the Motion to Refund Filing Fee filed by Debtor [Doc. # 23] be, and hereby is, **DENIED.**